**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| JACOB DUFFEE, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No.  3:11-CV-2104-P-BH |
| | ) | |
| TACO BUENO RESTAURANTS, INC., | ) | |
|     Defendant. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the complaint should be **DISMISSED** without prejudice.

**I.  BACKGROUND**

On August 23, 2011, Plaintiff Jacob Duffee, individually and on behalf of the members of the Texas Association of Disabled Persons (TXADP), sued the defendant restaurant under Title III of the Americans with Disabilities Act (ADA), the Americans with Disabilities Act Accessibility Guidelines (ADAAG), the Tex. Hum. Res. Code § 121.001 *et seq*, the Texas Architectural Barriers Act (TABA), and the Texas Accessibility Standards. (*See* Complaint (Compl.) at 1; Mag. Judge Questionnaire (MJQ), Ans. 1). He contends that he is an individual with a disability because he has been diagnosed with a psychological anxiety disorder that substantially limits one of more life activities in that it makes it difficult for him "to perform manual tasks, speak, read, communicate, breathe, learn, work, think, concentrate, and interact with others." (MJQ, Ans. 3). The following structural barriers allegedly prevent him and others from participating in or benefitting from the goods, services, facilities, privileges, or accommodations provided by defendant:

    -grab bars in the restrooms are missing;

    -the rim of the urinal exceeds 17 inches;

-pipes under the restroom sinks are not insulated to protect against contact;

-signs designating permanent rooms and spaces do not comply with federal or state guidelines;

-door handle to restroom is round and requires tight grasping and twisting of the wrist;

-amount of force required to open restroom doors exceeds 5 pounds;

-door pulls require tight grasping and pinching;

-accessible parking spaces are not designated as reserved by signs showing the symbol of accessibility;

-accessible parking spaces lack adjacent access aisles;

-restroom locks are mounted higher than 48 inches and require tight pinching and tight grasping;

-inaccessible entrance does not have directional signage to indicate the route to the nearest accessible entrance; and

-curb ramps along accessible routes do not have a light reflective value.

(Compl. at 6-7, 9). Plaintiff also claims that he cannot patronize the defendant restaurant because it will be seen by others in the disability rights community as an endorsement of its acts and omissions and would therefore subject him to public ridicule, embarrassment, humiliation, and judgment. (MJQ, Ans. 4). He seeks actual or statutory damages, a permanent injunction, declaratory relief, and attorney's fees, costs, and expenses. (Compl. at 10-11; MJQ, Ans. 7).

## II. JURISDICTION

Rule 12(h)(3) of the Federal Rules of Civil Procedure requires that a federal court dismiss a case if at any time it determines that it lacks subject-matter jurisdiction. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which

is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction". *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for jurisdiction" and may *sua sponte* raise the issue at any time. *See MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999). The party seeking the federal forum has the burden of establishing federal jurisdiction. *Howery*, 243 F.3d at 916.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue. *Raines v. Byrd*, 521 U.S. 811, 818 (1997). This requirement, like other jurisdictional requirements, is not subject to waiver. *Lewis v. Casey*, 518 U.S. 343, 349 n.1 (1996);

To meet the standing requirement, plaintiffs "must allege *personal injury* fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Raines v. Byrd*, 521 U.S. at 818, *quoting Allen v. Wright*, 468 U.S. 737, 751 (1984)); *accord Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). To satisfy the "case or controversy" requirement of Article III, a "plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *City of Los Angeles*, 461 U.S. 95, 101-02 (1983) (citations and internal quotation marks omitted). These constitutional limits on standing eliminate claims in which the plaintiff has failed to establish a case or controversy between him and the defendant. *Lewis v. Knutson*, 699 F.2d 230, 236 (5th Cir. 1983).

Here, Plaintiff does not allege that he has a physical disability; he alleges a psychological

anxiety disorder. (MJQ, Ans. 3). Because none of the architectural barriers he identifies prevent him from participating in or benefitting from the goods and services offered by the defendant restaurant based on his alleged disability, he has not shown a "direct injury". Consequently, plaintiff cannot sue for disability discrimination under either federal or state law. *See Ass'n for Disabled Americans*, 2002 WL 546478, *2 (N.D. Tex. April 10, 2002) (holding that a plaintiff only has standing to assert those claims related to *his* disability under the ADA); *see also Duffee v. Kong's Properties*, 2011 WL 5880987 (N.D. Tex. Oct. 27, 2011) (dismissing very similar disability discrimination complaint filed by *same plaintiff* for lack of standing); *Duffee v. Oak Cliff, Inc*., 2011 WL 6949293 (N.D. Tex. Sept. 26, 2011) (same).

### III.  PRO SE REPRESENTATION OF ORGANIZATION

Plaintiff also seeks injunctive and declaratory relief on behalf of TXADP, which he contends is a disability rights organization that advocates and educates its members, individuals with a disability. (Compl. at 2, 10-11). He acknowledges that he is not an attorney. (MJQ, Ans. 2). Assuming for purposes of this action that TXADP is an organization that has standing to sue on behalf of its members,[1] Plaintiff may not represent it in federal court. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) (stating that in federal court a party can represent himself or be represented by an attorney, but cannot be represented by non-lawyer); *Guajardo v. Luna,* 432 F.2d 1324 (5th Cir.1970) (holding that only licensed lawyers may represent others in federal court).

### IV.  RECOMMENDATION

Plaintiff's individual claims should be **DISMISSED** without prejudice for lack of subject matter jurisdiction, and his claims on behalf of TXADP should be **DISMISSED** without prejudice.

---

[1] *See Duffee v. Oak Cliff, Inc*., 2011 WL 6949293 at * 2 (questioning whether TXADP was an organization or association with standing to represent its members based on Plaintiff's assertion that he was doing business under that name).

**SIGNED this 29th day of February, 2012.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE